IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL L. WRIGHT, JR., | ) | |
|     Petitioner, | ) | Civil Action No. 12-324 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| BOBBY MEEKS, | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus filed by former federal prisoner Samuel L. Wright, Jr., be dismissed and that this case be closed.

### II.    REPORT

#### A.    Background

On or around January 22, 2013, Wright submitted for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and the required $5.00 filing fee. [ECF No. 5]. In his petition, Wright challenged the way in which the Bureau of Prisons (the "BOP") was calculating his federal sentence. Specifically, he claimed that he was entitled to additional prior custody credit. He asserted that he should have been released on September 30, 2012, but that the BOP was computing his "outdate" (or projected release date) incorrectly as September 17, 2013. As relief, he sought an Order from this Court directing the Respondent, the Warden of the Federal Correctional Institution in McKean ("FCI McKean"), to immediately release him from custody.

Respondent's Answer was due on April 24, 2013. However, on April 18, 2013, Respondent filed a Notice Of Suggestion Of Mootness [ECF No. 9] in lieu of an Answer. Respondent explained that

1

Wright had been released from BOP custody on March 5, 2013, and, therefore, the petition must be dismissed as moot.[1]

### B. Discussion

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*." Burkey, 556 F.3d at 147 (emphasis added) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990), which cited Allen v. Wright, 468 U.S. 737, 750-751 (1984) and Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982)).

"The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." Id. (citing Lewis, 494 U.S. at 477-78). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id. at 147-78. See also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Applying the above precepts to this case, the Court must conclude that the petition is moot. As demonstrated by Respondent, the BOP has recently recalculated Wright's federal sentence and his release date was changed from September 17, 2013, to March 5, 2013. Because the BOP has released Wright from its custody, there is no relief that this Court can provide to him and, therefore, the petition

---

[1] It is the petitioner's responsibility to update the Court with his present mailing address. Wright has not done so. His address of record is still FCI McKean and that is where the Court must send this Report and Recommendation.

is now moot. Spencer, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed as moot.[2]

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: April 23, 2013

cc: The Honorable Sean J. McLaughlin
United States District Judge

---

[2] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

3